## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HASSAN ELANANY,** | : | **CIVIL NO. 1:16-CV-1989** |
| | : | |
| **Petitioner** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **CRAIG A. LOWE,** *et al.*, | : | |
| | : | |
| **Respondents** | : | |
| | : | |

## MEMORANDUM

Petitioner, Hassan Elanany, a detainee of the United States Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Elanany challenges his continued detention by ICE pending removal. (Id.) He requests a hearing before an Immigration Judge or release pursuant to an order of supervision. (Id. at 10). For the reasons set forth below, the court will grant the petition and order that an Immigration Judge conduct an individualized bond hearing within fourteen (14) days of the accompanying order.

## I.    Immigration Proceedings

Elanany, a native and citizen of Egypt, entered the United States as a lawful permanent resident on September 19, 2006. (Doc. 1; Doc. 7-1, at 5).

On January 29, 2015, ICE served a Notice to Appear on Elanany indicating that he was subject to removal pursuant to sections 237(a)(2)(A)(ii), 237(a)(2)(B)(i),

and 237(a)(2)(E)(i) of the Immigration and Nationality Act ("INA") based on his convictions for possession of a controlled substance, two crimes involving moral turpitude, and a crime of stalking. (Doc. 7-1, at 3-5). He was taken into ICE custody on January 29, 2015. (Doc. 7-1, at 3).

On September 29, 2015, an Immigration Judge ordered Elanany to be removed to Egypt and denied his application for withholding of removal. (Doc. 7-1, at 8, Order of the Immigration Judge). On October 28, 2015, Elanany filed a Notice of Appeal with the Board of Immigration Appeals ("BIA"). (Doc. 7-1, at 27). On June 14, 2016, the BIA affirmed the Immigration Judge's decision to deny cancellation of removal. (Doc. 7-1, at 27-28, BIA Order dated June 14, 2016). Elanany then filed a motion for reconsideration of the June 14, 2016 Order of the BIA. (Doc. 7-1, at 31). On August 18, 2016, the BIA issued a decision granting Elanany's motion for reconsideration of the June 2016 Order for the limited purpose of addressing the Immigration Judge's determination that Elanany was not entitled to cancellation of removal on discretionary grounds. (Doc. 7-1, at 29-32, BIA Order dated August 18, 2016). The BIA ultimately dismissed the appeal. (Id.)

Elanany filed a petition for review and a stay of removal with the Third Circuit Court of Appeals. On August 5, 2015, the Third Circuit issued a temporary stay of removal. (Doc. 7-1, at 33-35, Order of Third Circuit).

On September 13, 2016, ICE officials conducted a file custody review and determined that Elanany should remain in custody because he is considered a danger to the community based on his criminal history.  (Doc. 7-1, at 36-37, Decision to Continue Detention).

The instant petition was filed on September 30, 2016.  (Doc. 1).

## II.   <u>Discussion</u>

Although Elanany's removal proceedings were final, the Third Circuit entered an order staying his removal.  Because Elanany appealed to the Third Circuit, the final order was essentially revoked and no final order has yet been entered due to Elanany's current pending petition for review.  <u>See</u> 8 U.S.C. § 1231(a)(1)(B)(ii) ("The removal period begins on the latest of the following . . . [i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order."); <u>see</u> <u>also</u> <u>Leslie v. Attorney General of U.S.</u>, 678 F.3d 265, 270 (3d Cir. 2012).  Thus, Elanany is subject to pre-final order detention, and the court must determine whether he is entitled to habeas relief in the nature of his release from the York County Prison pending the outcome of his immigration proceedings, or to order a bond hearing.  Elanany requests a bond hearing and argues that he has been detained under 8 U.S.C. § 1226(c) for an unreasonable amount of time in violation of the Due Process Clause of the Fifth Amendment and <u>Diop v. ICE/Homeland Sec.</u>, 656 F.3d 221, 231-35 (3d Cir. 2011). (Doc. 1, at 5-6).  Respondents do not oppose Elanany's request for a bond hearing. (Doc. 7, pp. 4-7).

Following Elanany's criminal convictions, there was a clear legal basis for ICE to detain him pending the outcome of removal proceedings. Pursuant to 8 U.S.C. § 1226(c), the Attorney General must take into custody any alien who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B). Prior to a final removal order, an alien must be detained without being afforded a bond hearing. 8 U.S.C. § 1226(c). However, this "mandatory detention" provision has limits. See Diop, 656 F.3d at 232. Although mandatory detention for some classes of aliens under § 1226(c) is constitutional, Justice Kennedy's concurring opinion in Demore v. Kim, 538 U.S. 510, 532 (2003), emphasizes that continued detention can become unconstitutional unless the government justifies its actions at a hearing designed to ascertain whether continued detention of the alien is necessary to achieve the law's stated purposes of preventing flight and minimizing potential dangers to the community. Diop, 656 F.3d at 233. Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." Id.

Elanany has been detained by ICE since January 29, 2015. Although the statutory law does seemingly dictate mandatory custody, "[w]e do not believe that Congress intended to authorize prolonged, unreasonable, detention without a bond hearing." Hernandez v. Sabol, 823 F. Supp. 2d 266, 272 (M.D. Pa. 2011). As stated *supra*, section 1226(c) authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention

4

is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. See Diop, 656 F.3d at 231. Given Elanany's twenty-seven month detention, the court will direct that Elanany be granted a bond hearing to ascertain whether the immigration court considers him a flight risk or a danger to the community if he were released pending the outcome of his immigration proceedings. Although the court declines to grant the outright release of Elanany in advance of a bond hearing, Elanany's detention does require a bond hearing.

A separate order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      May 2, 2017