# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASSAN ELANANY, | : | CIVIL NO. 1:16-CV-1989 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| CRAIG A. LOWE, *et al.*, | : | |
| Respondents | : | |

## **MEMORANDUM**

Petitioner Hassan Elanany ("Elanany"), a detainee of the United States Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, York, Pennsylvania, commenced this habeas corpus action pursuant to 28 U.S.C. § 2241 on September 30, 2016. (Doc. 1). In the petition, Elanany challenged his continued detention by ICE pending removal. (Id.) He requested a hearing before an Immigration Judge or release pursuant to an order of supervision. (Id. at 10). On May 2, 2017, the court granted the petition in part, ordered that an Immigration Judge conduct an individualized bond hearing, and closed this case. (Docs. 14, 15). On May 10, 2017, the Immigration Judge provided Elanany a bond hearing, and ultimately denied bond. (Doc. 16).

Presently before the court is Elanany's motion (Doc. 17) to reopen and enforce. Elanany requests that the court review the Immigration Judge's bond decision to ensure that the bond hearing complied with this court's order, and requests that the court order his immediate release from custody or, in the alternative, conduct its own individualized bond hearing. (Id.) For the reasons that follow, the court will dismiss the motion to reopen and enforce.

I. **Background**

Elanany, a native and citizen of Egypt, entered the United States as a lawful permanent resident on September 19, 2006. (Doc. 1; Doc. 7-1, at 5).

On January 29, 2015, ICE served a Notice to Appear on Elanany indicating that he was subject to removal pursuant to sections 237(a)(2)(A)(ii), 237(a)(2)(B)(i), and 237(a)(2)(E)(i) of the Immigration and Nationality Act ("INA") based on his convictions for possession of a controlled substance, two crimes involving moral turpitude, and a crime of stalking. (Doc. 7-1, at 3-5). He was taken into ICE custody on January 29, 2015. (Doc. 7-1, at 3).

On September 29, 2015, an Immigration Judge ordered Elanany removed to Egypt and denied his application for withholding of removal. (Doc. 7-1, at 8, Order of the Immigration Judge). On October 28, 2015, Elanany filed a Notice of Appeal with the Board of Immigration Appeals ("BIA"). (Doc. 7-1, at 27). On June 14, 2016, the BIA affirmed the Immigration Judge's decision to deny cancellation of removal. (Doc. 7-1, at 27-28, BIA Order dated June 14, 2016). Elanany then filed a motion for reconsideration of the June 14, 2016 Order of the BIA. (Doc. 7-1, at 31). On

August 18, 2016, the BIA issued a decision granting Elanany's motion for reconsideration of the June 2016 Order for the limited purpose of addressing the Immigration Judge's determination that Elanany was not entitled to cancellation of removal on discretionary grounds. (Doc. 7-1, at 29-32, BIA Order dated August 18, 2016). The BIA ultimately dismissed the appeal. (Id.)

Elanany filed a petition for review and a stay of removal with the Third Circuit Court of Appeals. On August 5, 2015, the Third Circuit issued a temporary stay of removal due to Elanany filing a petition for review. (Doc. 7-1, at 33-35, Order of Third Circuit).

On September 13, 2016, ICE officials conducted a file custody review and determined that Elanany should remain in custody because he is considered a danger to the community based on his criminal history. (Doc. 7-1, at 36-37, Decision to Continue Detention).

On November 17, 2016, the Third Circuit denied Elanany's motion to stay, finding that he did not meet the burden to support a stay of removal. (Doc. 17-2, pp. 36-37, Elanany v. Att'y Gen., 16-3128 (3d Cir. Nov. 17, 2016)).

On May 2, 2017, the court ordered that an Immigration Judge conduct an individualized bond hearing. (Docs. 14, 15). On May 10, 2017, an Immigration Judge provided Elanany a bond hearing and denied bond. (Doc. 16). Elanany appealed to the BIA. On September 6, 2017, the BIA denied Elanany's appeal of the Immigration Judge's decision to deny habeas bond. (Doc. 25-1).

Under section 241 of the INA, ICE is permitted to detain an alien for 90 days following the latest of these three dates: (1) the date the order of removal becomes administratively final, (2) if removal is stayed pending judicial review of the removal order, "the date of the [reviewing] court's final order;" or (3) "the date the alien is released from [criminal] detention or confinement." 8 U.S.C. § 1231(a)(1)(A), (B). Elanany's removal period commenced on November 17, 2016, the date the Third Circuit denied his motion to stay removal.

On December 28, 2017, Elanany filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his continued detention by ICE pending his removal from the United States and seeking an order for his immediate release on supervision. See Elanany v. Doll, No. 17-cv-2405 (M.D. Pa.).

**III.     Discussion**

8 U.S.C. § 1226 governs pre-removal order detention of aliens,[1] while 8 U.S.C. § 1231 governs post-removal order detention of aliens.[2]  When Elanany commenced this action, he was subject to pre-final order detention, and was detained under 8 U.S.C. § 1226(c).  Because Elanany's removal order became final on November 16, 2017, he is no longer being detained pursuant to section 1226.  Therefore, Elanany's claim pursuant to that section is necessarily moot because he is now subject to a

---

[1] Section 1226 instructs the Attorney General to detain aliens during ongoing removal proceedings.  See 8 U.S.C. § 1226.  Section 1226(c) provides for detention of aliens who are removable by reason of having committed aggravated felonies.  8 U.S.C. § 1226(c).  Pursuant to section 1226(c), the Third Circuit authorizes "only mandatory detention that is reasonable in length," after which a detained alien is entitled to a bond hearing.  Diop v. ICE/Homeland Security, 656 F. 3d 221, 234-35 (3d Cir. 2011).  In Chavez-Alvarez v. Warden York Cnty. Prison, 783 F.3d 469, 478 (3d Cir. 2015), the Third Circuit held that continued pre-removal detention would become constitutionally problematic after six months of detention, and certainly would become problematic after one year.  Id.

[2] Section 1231 applies to aliens that have been ordered to be removed from the United States.  8 U.S.C. § 1231.  Specifically, section 1231(a)(1)(A) provides that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")."  8 U.S.C. § 1231.  The "removal period" under section 1231(a)(1)(A) begins on the latest of: "(i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order. (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."  8 U.S.C. § 1231(a)(1)(B).

5

final order of removal.[3]  Rodney v. Mukasey, 340 F. App'x 761, 764 (3d Cir. 2009) (finding that the change in the procedural posture of the case from pre-final order to post-final order mooted petitioner's challenge to pre-final order detention under section 1226(c) because "[t]he injury alleged, unreasonably long pre-final order of removal detention under 8 U.S.C. § 1226(c), can no longer be redressed by a favorable judicial decision").  Furthermore, Elanany has filed a new section 2241 petition challenging his post-removal order under 8 U.S.C. § 1231.  See Elanany v. Doll, Civil No. 1:17-cv-2405 (M.D. Pa.).  Consequently, Elanany's motion to reopen and enforce will be dismissed as moot.

    A separate order shall issue.

                                              /S/ CHRISTOPHER C. CONNER
                                              Christopher C. Conner, Chief Judge
                                              United States District Court
                                              Middle District of Pennsylvania

Dated:       March 12, 2018

---

[3] Federal courts may adjudicate "only actual, ongoing cases or controversies."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  To be an actual case or controversy, there must be injury that "is likely to be redressed by a favorable decision.  Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982) (quoting Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 38 (1976)).  The necessity of an actual case or controversy continues through all stages of the proceeding, including appeals.  Lewis, 494 U.S. at 477-78.